Birkenfeld v UBS AG (2019 NY Slip Op 03924)





Birkenfeld v UBS AG


2019 NY Slip Op 03924


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9259 154000/17

[*1]Bradley C. Birkenfeld, Plaintiff-Appellant,
v
UBS AG, et al., Defendants-Respondents.


Fick & Marx, Boston, MA (Nancy Gertner of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Cahill Gordon & Reindel LLP, New York (Charles A. Gilman of counsel), for respondents.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 12, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed.
Plaintiff pled guilty in the U.S. District Court for the Southern District of Florida to one count of conspiracy to defraud United States authorities. As part of his plea agreement, plaintiff admitted to illegal conduct, including, inter alia, that he "prepared false and misleading IRS Forms" and assisted "wealthy U.S. clients in concealing their ownership of the assets held offshore." These admitted facts support the conclusion that defendants' quoted statements, published subsequently in the New York Post and Bloomberg BNA, that plaintiff was "convicted in the US for, among other things, having lied to the US authorities," were, at a minimum, substantially true, if not absolutely true. Since truth is a complete defense to a defamation claim, dismissal of the complaint was warranted (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; see Stepanov v Dow Jones & Co., 120 AD3d 28, 34 [1st Dept 2014]).
We reject plaintiff's argument that the statements were defamatory by implication (Stepanov, 120 AD3d at 37-38). Both articles in which the statements were published addressed plaintiff's conviction in detail and made clear that plaintiff was convicted for his conduct in the tax fraud scheme, not that he lied to the government during his conduct as a whistleblower (see Stepanov, 120 AD3d at 38).
Having determined that the statements were substantially true, we do not reach the issue of whether they are also
protected by the statutory privilege of Civil Rights Law § 74.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK